1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

11

12

13

14

15

| LEONARD R. WOODS, | ) | Case No. 2:17-cv-01607-JCM-NJK |
|---|---|---|
| Plaintiff(s), | ) | |
| | ) | **ORDER REGARDING APPLICATION** |
| v. | ) | **TO PROCEED *IN FORMA PAUPERIS*** |
| | ) | |
| PHILLIP J. KOHN, et al., | ) | (Docket No. 1) |
| | ) | |
| Defendant(s). | ) | |

16      This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis*. Docket

17   No. 1. Plaintiff is a prisoner proceeding in this action *pro se*. Plaintiff has submitted the financial affidavit

18   and inmate trust account statement required by 28 U.S.C. § 1915(a)(2). His request to proceed *in forma*

19   *pauperis* would ordinarily be granted pursuant to 28 U.S.C. § 1915(a).

20      Plaintiff's claims arise out of his dissatisfaction with his counsel in his on-going murder trial in state

21   court, and the rulings by that court denying motions to end that representation. *See* Docket No. 1-1 at 2,

22   3. The relief Plaintiff seeks is "effective assistance of counsel, [sic] preferrably through the state, and not

23   appointed by the Public Defender's Office." *Id.* at 9. It is well settled that a federal district court does not

24   have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g.,*

25   *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.

26   2003). Moreover, the United States Supreme Court has long made clear that absent extraordinary

27   circumstances, federal courts must not interfere with pending state criminal prosecutions even when they

28   raise issues of federal rights or interests. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971).

If the court grants Plaintiff's Application to Proceed *In Forma Pauperis*, Plaintiff will be required, under 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995, to pay the full $350 filing fee, <u>even if his complaint is dismissed</u>.  As set forth above, the Court believes Plaintiff's claims will not survive the pleading stage.  Given these circumstances, the Court will allow Plaintiff thirty days to withdraw his Application to Proceed *In Forma Pauperis*.  If Plaintiff does not, the Court will grant his Application to Proceed *In Forma Pauperis*, screen Plaintiff's complaint, and order that he pay the $350 filing fee in accordance with 28 U.S.C. § 1915.

Based upon the foregoing, **IT IS ORDERED** that:

1.  Plaintiff's Application to Proceed *In Forma Pauperis* (Docket No. 1) is **HELD IN ABEYANCE**.

2.  Plaintiff shall have until **July 14, 2017** to withdraw his Application to Proceed *In Forma Pauperis*.  If he does not, the court will screen the complaint pursuant to 28 U.S.C. § 1915, recommend dismissal, and order Plaintiff to pay the $350 filing fee.

Dated: June 14, 2017

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE